## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MUSLIM ADVOCATES**<br>315 Montgomery St., 8th Floor<br>San Francisco, CA 94104,<br><br>*Plaintiff*,<br><br>v.<br><br>**UNITED STATES**<br>   **DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552.  Plaintiff Muslim Advocates seeks the release of agency records requested by

plaintiff under the FOIA from the Federal Bureau of Investigation, a component of the

United States Department of Justice.  Specifically, plaintiff seeks disclosure of the

complete and unredacted final versions of the Domestic Investigative Operational

Guidelines ("DIOGs"), which, upon information and belief, became effective on December

1, 2008, and were distributed for limited review in draft form at two meetings with

representatives of Muslim Advocates and other public interest and community groups on

November 19, and 26, 2008.

### Jurisdiction and Venue

2.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has

jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under

5 U.S.C. § 552(a)(4)(B).

## Parties

3.      Plaintiff Muslim Advocates is a not-for-profit corporation, with offices in

San Francisco, California.  Muslim Advocates seeks to promote equality, liberty, and

justice by providing leadership through legal advocacy, policy engagement, and civic

education, and by serving as a legal resource to promote the full and meaningful

participation of Muslims in American public life.  The members and supporters of Muslim

Advocates are individuals concerned about the abuse of police power, especially where

they and others in their community are subject to racial and religious profiling, and seek an

end to the victimization of the Muslim, Arab, Middle Eastern and South Asian

communities.  In support of its public interest and advocacy mission, Muslim Advocates

uses the FOIA to obtain and disseminate information about the operations of federal

agencies.

4.      Defendant United States Department of Justice ("DOJ") is a Department of

the Executive Branch of the United States Government.  The DOJ's principle place of

business is in the District of Columbia.  DOJ is subject to the FOIA, and it is an "agency"

within the meaning of 5 U.S.C. § 552(f).  The Federal Bureau of Investigation ("FBI") is a

component within defendant DOJ.

## The FBI's Domestic Investigative Operational Guidelines

5.      The Attorney General's Guidelines for Domestic FBI Operations ("AG

Guidelines") establish control over FBI investigative procedures.

6.      In late 2008, the DOJ revised the AG Guidelines.  The DOJ also began

drafting the DIOGs to detail the specific policies for implementing the new AG Guidelines.

7.     Neither the AG guidelines nor the DIOGs contain any information about current or past investigations.  They are operational procedures and standards.

8.     In November 2008, FBI General Counsel Valerie Caproni and Deputy General Counsel Dave Larson invited advocacy organizations representing Muslim, Arab and South Asian Americans and civil liberties organizations to come to two separate meetings to review unredacted draft versions of the DIOGs and offer their comment.

9.     The FBI invited Muslim Advocates and other organizations representing Muslim, Arab, and South Asian Americans to attend a meeting on November 19, 2008. The FBI held a second meeting on November 26, 2008 involving members of the civil liberties community.  At the meeting, a representative of the Muslim Advocates and the other participants at the meetings were given the 100-plus page draft DIOGs to review for a limited period of time, and these participants provided their comments and feedback.

10.     The FBI thanked the participants and indicated that their feedback would be considered for the final version of the DIOGs, but then collected every copy of the draft DIOGs that had been provided to the participants.

11.     To date, the FBI has not released either the draft version distributed at the November meetings, or the final version DIOGs.

## The Public Significance of These Documents

12.     The public has a substantial interest in the release of the complete and unredacted DIOGs.  The draft DIOGs reviewed by representatives of Muslim Advocates on November 19, 2008 contained significant measures to expand the FBI's investigative authority and raised concerns regarding privacy and racial and religious profiling.  The

draft DIOGs contained a section entitled "Community Race and Ethnicity as a Factor," which included a provision relating to "geo-mapping ethnic/racial demographics." Such provisions are of great concern to the general public and, in particular, to the American Muslim community, especially given the controversial use of geo-mapping programs by local police departments. Indeed, allegations of such activities have been the subject of numerous news articles that demonstrate the public interest in these DIOGs. *See, e.g.,* Eliott C. McLaughlin, *FBI Planting Spies in U.S. Mosques, Muslim Groups Say*, CNN.com, Mar. 20, 2009, http://www.cnn.com/2009/US/03/20/fbi.muslim.groups/; Sean Emery, Rift Develops Between Muslims, *FBI Over Mosque Surveillance*, The Orange County Register, Mar. 26, 2009, *available at* http://www.ocregister.com/articles/fbi-cair-ayloush-2346980-terrorist-islamic; Paloma Esquivel, *Some Influential Muslim Groups Question FBI's Actions*, L.A. Times, Apr. 20, 2009, *available at* http://articles.latimes.com/2009/apr/ 20/local/me-muslims-fbi20?pg=2; Scott Glover, *FBI Monitored Members of O.C. Mosques At Gyms, Alleged Informant Says*, L.A. Times, Apr. 28, 2009, *available at* http://articles.latimes.com/2009/apr/28/local/me surveillance28.

13.     Upon information and belief, on December 1, 2008, the revised AG Guidelines and DIOGs went into effect, and they have now been in effect for over eight months.

## The President's Commitment to Transparency

**14.**     As one of his first acts in office President Obama issued a *Memorandum for the Heads of Executive Departments and Agencies: Freedom of Information Act*, on January 21, 2009, and the Attorney General issued a *Memorandum for the Heads of Executive Departments and Agencies: The Freedom of Information Act (FOIA)* on March

19, 2009, both of which require any doubts with respect to disclosure to be resolved in favor of disclosure. The President stated in his *Memorandum*, "[t]he Freedom of Information Act should be administered with a clear presumption:  In the face of doubt, openness prevails.  The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears.  …  All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government.  The presumption of disclosure should be applied to all decisions involving FOIA."

15.    The Attorney General's Memorandum stated, "the Department of Justice will defend a denial of a FOIA request only if (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law."

## Plaintiff's Requests for Disclosure of the DIOGs

16.    By letter sent via facsimile and U.S. mail to the DOJ and the FBI on January 28, 2009, Muslim Advocates requested the "complete and unredacted final version of the FBI's Domestic Investigative Operational Guidelines implementing the revised Attorney General's Guidelines for Domestic FBI Operations" pursuant to FOIA.

17.    This letter constituted a valid request under FOIA.

18.    On March 6, 2009, plaintiff received a letter from the FBI's Records and Management Division acknowledging receipt of plaintiff's FOIA request.  The letter granted expedited processing for plaintiff's FOIA request for the release of the complete and unredacted final version of the DIOGs.  Expedited processing was granted based on

the "widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  28 C.F.R. § 16.5(d)(1)(iv).

19.    On March 18, 2008, Muslim Advocates received a second letter from the FBI Records Management Division indicating that plaintiff's FOIA request would be "closed."  The letter stated that the FBI Corporate Policy Office was currently reviewing portions of the DIOGs and that the DIOGs would be "made available to the public on the FBI's public website.  The information that will be posted on the website would be the same information released in response to this request.  Accordingly, the FBI is closing your request."

20.    Nearly six months have now passed since the FBI's promise to make the DIOGs available.

21.    The FBI did not provide the DIOGs in response to plaintiff's FOIA request, and continues to withhold the DIOGs from the public.

22.    The FBI's March 18, 2008 letter is properly deemed a denial of plaintiff's FOIA request.

23.    On May 15, 2009, plaintiff filed an appeal to the Director of the Office of Information and Privacy for the United States Department of Justice under the FOIA. Plaintiff stated that there was "no legal basis for the FBI's failure to make the final and unredacted DIOGs available."

24.    As set forth in 5 U.S.C. § 552(a)(6)(A)(ii), the DOJ had 20 business days after the receipt of the FOIA request to inform Muslim Advocates of its determination whether to grant or deny the appeal, and notify Muslim Advocates of provisions for

judicial review of that determination where a denial is upheld in whole or in part.

25.     The FBI failed to decide or respond in any way to the appeal within the statutorily required time.

26.     The FBI has never identified or cited any FOIA exemption, or any other legal grounds to deny plaintiff's FOIA request or as justification for failing to decide or otherwise respond to plaintiff's FOIA appeal.

27.     Despite informal efforts to work with the FBI officials involved, Muslim Advocates has not been able to obtain any satisfactory explanation for these delays.

28.     The FBI's conduct with respect to plaintiff's FOIA request lacks legal justification.

29.     To date, the FBI has not disclosed the agency records responsive to plaintiff's FOIA request.

## CAUSE OF ACTION:

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

30.     Plaintiff repeats and realleges paragraphs 1-29.

31.     Plaintiffs has properly requested the complete and unredacted final version of the FBI's Domestic Investigative Operational Guidelines under FOIA.

32.     The FBI has wrongfully withheld the complete and unredacted final DIOGs requested by plaintiff under the FOIA.

33.     Plaintiff has exhausted the applicable administrative remedies with respect to the FBI's wrongful withholding of the complete and unredacted final DIOGs.

34.     Plaintiff is entitled to injunctive relief with respect to the release and

disclosure of the requested complete and unredacted final DIOGs.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.     order defendant DOJ (and its component FBI) to immediately

process the requested records in their entirety;

B.     order defendant DOJ (and its component FBI), upon completion of

such processing, to disclose the requested records in their entirety

and make copies available to plaintiff;

C.     provide for expeditious proceedings in this action;

D.     award plaintiff its costs and reasonable attorneys' fees incurred in

this action as provided by 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C.

§ 2412; and

E.     grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/* Edward R. McNicholas

_____
Edward McNicholas (D.C. Bar No. 459136)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8010

*Counsel for the Muslim Advocates*

September 16, 2009