**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
MUSLIM ADVOCATES,                  )
                                   )
            Plaintiff,             )
                                   ) Civil Action No. 09-1754 (EGS)
       v.                          )
                                   )
UNITED STATES DEPARTMENT           )
OF JUSTICE,                        )
                                   )
            Defendant.             )
_____)

## MEMORANDUM OPINION

Plaintiff Muslim Advocates brings this action under the Freedom of Information Act ("FOIA"), seeking the complete and unredacted final version of certain chapters of the Domestic Investigations and Operations Guide (the "DIOG") of the Federal Bureau of Investigation ("FBI"). In a Memorandum Opinion and Order dated November 10, 2011, this Court granted in part and denied in part defendant's motion for summary judgment, and denied plaintiff's cross-motion for summary judgment. *See Muslim Advocates v. Dep't of Justice*, No. 09-1754, 2011 U.S. Dist. LEXIS 130283, *34-35 (D.D.C. Nov. 10, 2011);[1] *see also* Order Granting in Part and Denying in Part Def.'s Mot. for Summ. J. and Denying Pl.'s Cross-Mot. for Summ. J., Docket No. 29.

---

[1]   The relevant factual background was set forth in the Court's November 10, 2011 Memorandum Opinion, *see Muslim Advocates*, 2011 U.S. Dist. LEXIS 130283, at *3-11, and need not be recited here.

With respect to defendant's motion for summary judgment, the Court concluded that defendant was entitled to summary judgment as to the material it withheld in Chapters 5 and 10 of the DIOG. *See Muslim Advocates*, 2011 U.S. Dist. LEXIS 130283, at *35. As to Chapter 16 of the DIOG, however, which was almost entirely redacted, the Court found that the affidavit provided by the government was not "sufficiently detailed to allow this Court to undertake a meaningful assessment of the redacted material." *Id.* at *35. The Court therefore denied defendant's motion for summary judgment as to Chapter 16 without prejudice, and the Court ordered defendant to provide a more detailed affidavit describing its redactions in Chapter 16. *Id.* at *35-36.

On December 1, 2011, defendant filed, *ex parte*, the Declaration of Sean M. Joyce for the Court's *in camera* review. *See* Def.'s Notice of *Ex Parte* Filing, Docket No. 32. Defendant filed a redacted version of that declaration on the public docket on December 6, 2011. *See* Def.'s Notice of Filing Redacted Document, Docket No. 33. Upon careful consideration of the *ex parte* Declaration of Sean M. Joyce, the applicable law and the entire record in this case, and for the reasons set forth below, the Court hereby **GRANTS** defendant's motion for summary judgment as to Chapter 16 of the DIOG.

**I.   LEGAL FRAMEWORK**

  **A. Rule 56**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

  **B. FOIA**

FOIA requires agencies to disclose all requested agency records, 5 U.S.C. § 552(a), unless one of nine specific statutory exemptions applies, *id.* § 552(b). "Consistent with 'the basic policy that disclosure, not secrecy, is the dominant objective of the Act,' the statutory exemptions are 'narrowly construed.'" *Consumers' Checkbook, Ctr. for the Study of Servs. v. Dep't of Health and Human Servs.*, 554 F.3d 1046, 1057 (D.C. Cir. 2009) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)); *see also Wolf v. Cent. Intelligence Agency*, 473 F.3d 370, 374 (D.C. Cir. 2007) (quoting *Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988)).

FOIA's "strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  The government may satisfy its burden of establishing its right to withhold information from the public under a FOIA exemption by submitting appropriate declarations and, where necessary, an index of the information withheld.  *See Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973).  If the government's affidavit "describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the [government's] bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011).  Moreover, "'an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.''" *Id.* (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Exemption 7(E) of FOIA protects from disclosure records or information compiled for law enforcement purposes, "to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would

4

disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Courts have held that information pertaining to law enforcement techniques and procedures is properly withheld where disclosure reasonably could lead to circumvention of laws or regulations. *See, e.g.*, *Skinner v. Dep't of Justice*, 744 F. Supp. 2d 185, 214 (D.D.C. 2011) (citing cases). "[A] highly specific burden of showing how the law will be circumvented" is not required; instead, "exemption 7(E) only requires that [the agency] 'demonstrate[] logically how the release of [the requested] information might create a risk of circumvention of the law.'" *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009) (quoting *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 251 (D.C. Cir. 1993)).

## II. ANALYSIS

Having carefully reviewed defendant's *ex parte* declaration of Sean M. Joyce, the Court finds that the government has now satisfied its burden of establishing its right to withhold the information contained in Chapter 16 of the DIOG. The declaration describes in detail each redacted section of Chapter 16 and the justifications for withholding that information, and it demonstrates that the information withheld logically falls within exemption 7(E). *See* Declaration of Sean M. Joyce, Docket

No. 33-1, at ¶¶ 9-19. The declaration sufficiently demonstrates how the release of the requested information might create a risk of circumvention of the law. *See id.* For example, Mr. Joyce states:

> Whether and when a particular investigative activity may be undertaken in connection with an assessment, a predicated investigation and so forth is a matter of internal procedure. . . . Disclosure of this internal information could increase the risk of circumvention. An individual considering commission of a crime and attempting to evade detection, armed with the knowledge as to whether and what types of investigative activities are or are not allowed during certain types of investigations, can determine whether their activities are likely to be detected and alter their behavior to avoid detection. Similarly, knowledge that a particular activity will not be approved internally at the FBI absent certain types of information – or under what conditions – can be exploited by someone seeking to evade detection, again by altering their behavior, modifying their plan of action, or ceasing to engage in any criminal behavior until they believe the risk of potential FBI interest has passed.

*Id.* ¶ 14. The Court concludes that it is both plausible and logical that the disclosure of detailed information regarding the FBI's procedures for investigation of and undisclosed participation in target organizations could risk circumvention of the law and impede the FBI's ability to carry out its mission. *See, e.g.*, *Piper v. Dep't of Justice*, 294 F. Supp. 2d 16, 30 (D.D.C. 2003) (approving the withholding of polygraph test information on the ground that disclosure "has the potential to allow a cunning criminal to extrapolate a pattern

6

or method to the FBI's questioning technique," and anticipate or thwart the FBI's strategy); *Perrone v. Fed. Bureau of Investigation*, 908 F. Supp. 24, 28 (D.D.C. 1995) (concluding that the FBI FD-515 form was properly withheld under Exemption 7(E) because "disclosure of this information would help . . . potential criminals predict future investigative actions by the FBI and consequently employ countermeasures to neutralize those techniques").  Moreover, the Court finds no evidence in the record that contradicts the government's justifications for withholding the redacted information or demonstrates bad faith.

Therefore, the Court concludes that summary judgment as to Chapter 16 is warranted on the basis of the government's declaration.

**III. CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is hereby **GRANTED**.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    EMMET G. SULLIVAN**
            **United States District Judge**
            **January 11, 2012**